UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAOFEEQ OGUNLANA,
No. 15922-424,

                Petitioner,                Case No. 2:21-cv-13060
                                            Hon. Victoria A. Roberts

v.

JONATHAN HEMINGWAY,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Taofeeq Ogunlana, ("Petitioner"), a prisoner at the Federal Correctional Institution at Milan, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner challenges a prison disciplinary decision that he violated prison rules when he possessed a cell phone and then attempted to damage it when confronted by an officer. Petitioner was sanctioned with the loss of 82 days of good conduct time and a $309.53 fine.

The petition raises three claims: (1) the failure to read Petitioner *Miranda* warnings resulted in his involuntarily confession, (2) a delay in disciplinary proceedings prejudiced Petitioner's defense, and (3) Petitioner is actually innocent. For the reasons stated below, the petition will be denied.

# I. Background

Petitioner is incarcerated as a result of his 2016 United States District Court for the District of Maryland narcotics conviction. On March 28, 2020, Petitioner was charged with prison disciplinary violations for possessing a cell phone, attempting to destroy evidence, and assaulting an officer. (ECF No. 6-3, PageID.86.)

The incident report indicates that an officer saw Petitioner sitting at his desk in his cell shortly before midnight. When the officer entered the cell, Petitioner rolled up some clothes. The officer ordered Petitioner to drop the clothes, but Petitioner refused and shoved the clothes under his bunk. The officer reached under the bunk, and Petitioner pushed him away. Petitioner then pulled out a cell phone from the roll of clothes and tried to damage it. Another nearby officer observed some of the incident. The officers seized the cell phone and photographed it. (*Id.*)

The incident was referred to the FBI for criminal investigation. The FBI initially accepted the case but later declined to pursue it. (*Id.*, PageID.95.)

Staff served Petitioner with a copy of the incident report on May 8, 2020. (*Id.*, PageID.86.) The report indicates that Petitioner was advised of his rights, including the fact that exercising his right to remain silent *could* be used against him at the disciplinary hearing. (*Id.*, PageID.88.) Petitioner indicated that he understood his rights, and he stated that he "had the phone in both hands trying to break it."

Petitioner admitted that when the officer walked into his cell, he "tried to hide the phone and damage it." (*Id.*)

The incident report was referred to the Unit Discipline Committee. (*Id.*) A hearing was held, and Petitioner was found responsible. The matter was referred to a Discipline Hearing Officer. Petitioner was served with written notice of a hearing. Petitioner requested a staff representative but did not request witnesses. (*Id.*, PageID.97-98.)

BOP personnel subsequently determined that there was an administrative error concerning the release of the incident report from the FBI, and a second hearing before the Unit Discipline Committee was requested. Petitioner was notified of the second hearing. (*Id.*, pageID.101.) The Unit Discipline Committee then reheard the matter, and Petitioner again admitted guilt. The matter was again referred to a Discipline Hearing Officer. (*Id.*, PageID102-03.) Petitioner received a notice of the hearing, and he again requested a staff representative. (*Id.*, PageID110-11.)

The hearing before the Discipline Hearing Officer was held on October 20, 2020. The hearing officer informed Petitioner of his due process rights, and Petitioner indicated his understanding. Petitioner did not submit any evidence. The hearing officer considered the officers' report and Petitioner's admission and found Petitioner guilty of possessing a cell phone and attempting to damage evidence.

Petitioner was sanctioned with a forfeiture of 41 days of good-conduct time for each infraction. (*Id.*, PageID112-14.)

Petitioner appealed to the North Central Regional Office, but his appeal was denied. (*Id.*, PageID115-16.) A second appeal was denied by BOP Central Office. (*Id.*, PageID117-18.)

## II. Discussion

A. Failure to Give *Miranda* Warnings

Petitioner first claims that he involuntarily confessed to the disciplinary infraction because he was not given his *Miranda* warnings and was instead told that remaining silent could, in fact, be used against him.

While it is true that any *Miranda* violation could have provided a basis for challenging admission of Petitioner's statements at a potential future criminal proceeding, the same thing is not true for a prison disciplinary proceeding. "While prisoners are entitled to certain procedural safeguards in the context of disciplinary proceedings, they are not entitled to *Miranda* warnings in connection with such proceedings." *Dennison v. United States*, 1999 WL 218482, at *2 (10th Cir. 1999)(citation omitted); *Montgomery v. Anderson*, 262 F.3d 641, 646 (7th Cir. 2001)(citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976)); *Caruth v. Pinkney*, 683 F.2d 1044, 1052 (7th Cir. 1982), cert. denied, 459 U.S. 1214 (1983)("Prison disciplinary proceedings ... have never been considered part of a criminal

4

prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."). Petitioner's admission to possessing and attempting to damage the cell phone were properly considered as part of the evidence presented at the disciplinary proceeding absent *Miranda* warnings. The claim is without merit.

B. Delayed Hearing

Petitioner next claims that there was a delay in the administrative proceedings which prejudiced his ability to defend against the charges.

In the prison disciplinary context, due process requires only that the prisoner (1) receive advance written notice of the charges and at least 24 hours to prepare for a hearing, (2) have an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense, and (3) be given a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

The record demonstrates that Petitioner was afforded these protections. He had ample time to prepare a defense, he declined the opportunity to call witnesses or present evidence, and he was given a copy of the written report and administrative decisions.

Petitioner seems to claim that staff did not follow the letter of BOP administrative rules, but a prisoner's "habeas claim under § 2241 cannot be sustained

solely upon the BOP's alleged violation of its own Program Statements because noncompliance with a BOP Program Statement is not a violation of federal law, in that such Program Statements are not mandated by statute or the federal constitution." *Miller v. Terris*, 2:13-cv-12635, 2013 WL 6801157, at *3 (E.D. Mich. Dec. 23, 2013)(citing *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011)).

And while Petitioner also asserts that a delay in proceedings prejudiced his defense, that allegation is conclusory. Petitioner was caught red-handed with a cell phone, and he admitted that he possessed it and tried to damage it. He makes no persuasive argument as to why any delay in proceedings prejudiced his ability to respond to these allegations. *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003)(holding that habeas relief is not warranted where the petitioner does not allege facts to show that he was prejudiced in his ability to defend charges because of a delay). Petitioner's second claim is without merit.

C. Actual Innocence

Finally, Petitioner asserts that he is actually innocent. In support of this claim, he proffers the affidavit from his former cellmate who claims that the cellphone belonged to him and that he merely asked Petitioner to watch it for him. (ECF No. 1, PageID.26.)

The affidavit does not undermine the determination made by the BOP that Petitioner violated prison rules. In the context of prison disciplinary proceedings,

due process requires only that "some evidence supports the decision ... to revoke good time credits." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). It "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id*. "Some evidence" is a lenient standard; the relevant question is whether any evidence in the record could support the disciplinary board's conclusion. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Even considering Petitioner's cellmate's claim that the cell phone belonged to him, "some evidence" nevertheless supports the finding that Petitioner possessed and attempted to damage the phone. Courts "have uniformly held that the discovery of contraband in a shared cell constitutes 'some evidence' of possession sufficient to uphold a prison disciplinary sanction against each inmate in the cell ...." *Denny v. Schultz*, 708 F.3d 140, 145-47 (3d Cir. 2013); see also *Flowers v. Anderson*, 661 F.3d 977, 980-81 (8th Cir. 2011)(relying on collective responsibility theory whereby each inmate was collectively culpable for two homemade weapons found in shared eight-man cell). Petitioner fails to demonstrate his actual innocence.

### III. Conclusion

Based upon the foregoing, the petition for a writ of habeas corpus is **DENIED**.

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th

7

Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

    **SO ORDERED.**

s/ Victoria A. Roberts<br>Hon. Victoria A. Roberts<br>United States District Judge

Dated: 9/20/2022